668 S.E.2d 802

**In the Matter of Ernest E. YARBOROUGH, Respondent.**

No. 26558.

Supreme Court of South Carolina.

Nov. 3, 2008.

Heard Sept. 18, 2008.

Decided Nov. 3, 2008.

Attorney General Henry Dargan McMaster and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for Office of Disciplinary Counsel.

Ernest E. Yarborough, of Columbia, pro se.

PER CURIAM:

This attorney disciplinary matter arises out of Respondent's conviction of obstruction of justice. Following a hearing, the Commission on Lawyer Conduct (the Commission) recommended that Respondent be retroactively disbarred. The Office for Disciplinary Counsel (ODC) objects to the Commission's recommendation and argues that the Court should disbar Respondent Ernest Yarborough effective from the date of the Court's opinion. We agree with the Commission and retroactively disbar Respondent from the date of his interim suspension.

## FACTS

In 1996, Respondent was indicted for common law obstruction of justice and offering a witness money with the intent to influence testimony in violation of S.C.Code Ann. § 8–13–705 (Supp.1998) in connection with his representation of a defendant who was charged with burglary.[1] The State presented evidence that Respondent offered the accuser money to drop the charges against the defendant and that he sent an investigator to pressure the accuser to drop the charges. The jury found Respondent guilty of obstruction of justice, but acquitted him on the statutory violation.

On April 3, 1997, following the conviction, this Court placed Respondent on interim suspension pursuant to Rule 17(a), RLDE, Rule 413, SCACR. Respondent exhausted his appeals from the conviction on August 15, 2006, and on December 8, 2006, ODC filed formal charges against him. Respondent failed to file an answer and was held in default. Subsequently, a hearing was held before the Commission to determine the appropriate sanction. The Commission recommended that Respondent be disbarred retroactively from the date of his interim suspension.

## LAW/ANALYSIS

ODC argues that due to the gravity of the conviction and Respondent's disciplinary history, the Commission erred in recommending retroactive disbarment. We disagree.

---

1. The defendant was charged with burglary after police allegedly found him armed and hiding in his ex-girlfriend's bedroom closet.

Obstruction of justice is classified as a "serious crime" under the Rules for Lawyer Disciplinary Enforcement. *See* Rule 2(aa), RLDE, Rule 417, SCACR (providing that any crime that "reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer" or that "involves interference with the administration of justice" constitutes a serious offense). By his conduct, Respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR, Rules 8.4(a), (b), (c), (d), and (e) (providing that it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer, commit a criminal act involving moral turpitude, engage in conduct involving dishonesty, fraud, deceit or misrepresentation, or engage in conduct that is prejudicial to the administration of justice).

Respondent's misconduct constitutes grounds for discipline pursuant to Rules 7(a)(1), (4), (5), RLDE, Rule 413, SCACR, (providing that it is grounds for discipline for a lawyer to violate the Rules of Professional Conduct, be convicted of a crime of moral turpitude or a serious crime, or engage in conduct tending to pollute the administration of justice or to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

Accordingly, we find that disbarment is an appropriate sanction under these circumstances. However, we believe that Respondent's disbarment should be made retroactive from the date of his interim suspension. Considering the fact that Respondent has been on interim suspension for over ten years and also considering Respondent's prior disciplinary history, in our view, imposing a sanction of retroactive disbarment serves to adequately protect the public. *See In re Hoffmeyer*, 376 S.C. 221, 229, 656 S.E.2d 376, 380 (2008) (recognizing that the purpose of disciplinary proceedings is to protect the public and the integrity of the legal system).

CONCLUSION

For the foregoing reasons, we retroactively disbar Respondent to the date of his interim suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied

with Rule 30, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.