677 S.E.2d 211

**In the Matter of Joseph L. SMALLS, Jr., Respondent.**

No. 26634.

Supreme Court of South Carolina.

Heard March 17, 2009.

Re-filed May 18, 2009.

Attorney General Henry D. McMaster and Assistant Deputy Attorney General Robert E. Bogan both of Columbia, for Office of Disciplinary Counsel.

I.S. Leevy Johnson of Johnson, Toal & Battiste, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, Joseph L. Smalls, Jr., stipulated to misconduct primarily involving his trust accounts. The Commission on Lawyer Conduct panel recommended retroactive disbarment, restitution, and assessment of costs. We find retroactive disbarment, restitution, and costs warranted.

## I.

Smalls ran the Smalls Law Firm, in Columbia, which consisted of a general practice with a high volume of real estate closings. Smalls solely possessed check signing authority and maintained control over the firm's bank accounts related to this case.

Smalls stipulated this case arose out of a complaint to Office of Disciplinary Counsel (ODC) because a check for $72,379.67 issued by Smalls for a real estate closing was not honored in 2002. The complaint launched a full ODC investigation into Smalls' multiple law firm bank accounts. As a result of its investigation, ODC petitioned for interim suspension, which this Court granted on May 16, 2002.

Additionally, Smalls conceded he failed to identify client file names or numbers as required by Rule 417, SCACR on "scores" of deposits between 2000 and 2002 into his trust accounts. Smalls further admitted he routinely transferred funds between law firm accounts to "cure" account shortages. This misconduct resulted in multiple insufficient funds penalties and fees. One of Smalls' trust accounts was assessed penalties for approximately seventy-five insufficient funds checks from 2000 to 2002. Another trust account was assessed approximately 11 insufficient funds fees during the same time period.

A bank, where Smalls maintained a trust account and a general operating account, force-closed the accounts in 2002. Upon force-closure, the trust account had a balance of negative $413.57, and the bank returned approximately thirty-five checks in the last seven business days totaling approximately $75,000 due to insufficient funds. The general operating account had a balance of negative $44.69.

The Lawyers' Fund for Client Protection received claims totaling $235,528.82, and the Fund paid out a total of $114,239.04 to forty-seven people. The Fund received $33,541.71 from the appointed Trustee resulting in a net deficit of $80,697.33.

In addition to the above misconduct, Smalls represented a client in a workers' compensation case, which settled for $7,000 in November 2001. The funds were not disbursed to

the client prior to Smalls' interim suspension on May 16, 2002. Next, a chiropractor treated one of Smalls' clients. The client assigned part of her settlement to the chiropractor, and the client settled in April 2002. The chiropractor was not paid. Lastly, a court reporter submitted an invoice for a deposition transcript on or about March 14, 2002 for $342.20. Smalls stipulated this invoice was not paid as he was out of the office due to illness and then suspended.

Upon review of the stipulation of facts and hearing testimony, the panel recommended retroactive disbarment, payment of costs, and restitution. Smalls challenged the panel's report and recommendation.

## II.

■ The panel found clear and convincing evidence of violations of Rules 1.15, 8.4(a), 8.4(b), 8.4(d), and 8.4(e), RPC, Rule 407, SCACR. The panel further found a violation of Rule 417, SCACR. The panel recommended disbarring Smalls retroactively, assessing costs against Smalls, and requiring Smalls to make full restitution to the Lawyers' Fund and to victims. We agree and find retroactive disbarment, imposition of costs, and restitution warranted.

■ Rule 1.15 requires the safekeeping of a client's property. The evidence indicated Smalls failed to maintain the records of his trust accounts and failed to maintain the integrity of his trust accounts. Accordingly, we agree that Rule 1.15 was violated. Next, we hold subsections (a), (b), (d), and (e) of Rule 8.4 were violated through Smalls mishandling of clients' funds. Lastly, we hold the financial recordkeeping requirements of Rule 417 were ignored.

We acknowledge it is unclear whether Smalls used the unaccounted for money for his personal benefit. What is clear, however, is that Smalls drastically failed to keep clients' property safe and mishandled money, moving funds from one account to another to cover shortages. Accordingly, we find that disbarment is an appropriate sanction under these circumstances. Based on precedent and Smalls' interim suspension since May 16, 2002, we find imposing a sanction of retroactive disbarment adequately protects the public. *See In the Matter of Yarborough*, 380 S.C. 104, 106, 668 S.E.2d 802,

803 (2008) (disbarring retroactively given the duration of Yarborough's indefinite suspension, Yarborough's disciplinary history, and the Court's finding the purpose of disciplinary proceedings, which is to protect the public and the integrity of the legal system, was satisfied by retroactive disbarment); *In the Matter of Evans*, 376 S.C. 483, 484–85, 657 S.E.2d 752, 752–53 (2008) (accepting agreement to disbar retroactively due to Evans' failure to manage staff and reconcile her records); *In the Matter of Kennedy*, 367 S.C. 355, 361, 626 S.E.2d 341, 345 (2006) (disbarring Kennedy retroactively for failing to follow recordkeeping and money handling requirements, periodically using trust money to pay Kennedy's expenses, and additional misconduct such as mail fraud).

Under Rule 7(b), RLDE, Rule 413, SCACR we further require Smalls to contact ODC within fifteen days of the filing of this opinion regarding setting up a restitution plan for the Lawyers' Fund and other victims, to agree on a payment plan with ODC within sixty days of the filing of this opinion, to make payment of the costs associated with the disciplinary proceedings within ninety days of the filing of this opinion, and to take the Legal Ethics and Practice Program administered by ODC prior to any petition for reinstatement. Failure to comply with the restitution plan may result in the imposition of civil or criminal contempt by this Court.

## III.

For the foregoing reasons, we retroactively disbar Smalls to the date of his interim suspension. Within fifteen days of the date of this opinion, Smalls shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

WALLER, Acting Chief Justice, PLEICONES, BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.